# In the United States Court of Federal Claims

No. 18-92C

(Filed Under Seal: April 4, 2018)

(Reissued: April 5, 2018)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **VETERANS CONTRACTING GROUP, INC.,** ) ) ) **Plaintiff,** ) ) **v.** ) ) **UNITED STATES,** ) ) **Defendant.** ) ) | Pre-award bid protest; relitigation; res judicata; inapplicability of the "rule of two" |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Joseph A. Whitcomb, Whitcomb, Selinsky, McAuliffe, PC, Denver, Colorado, for plaintiff.

Kara M. Westercamp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Allison Kidd-Miller, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington D.C.  Of counsel was Mark G. Machiedo, Office of General Counsel, United States Department of Veterans Affairs.

## OPINION AND ORDER[1]

LETTOW, Judge.

Plaintiff, Veterans Contracting Group ("Veterans"), brings this pre-award bid protest as a supplement to two previous decisions from this court,[2] seeking both to relitigate a question

---

[1]Because of the protective order entered in this case, this opinion was initially filed under seal.  The parties were requested to review this decision and provide proposed redactions of any confidential or proprietary information. No redactions were requested.

[2]*See Veterans Contracting Grp., Inc. v. United States*, 133 Fed. Cl. 613 (2017) (*Veterans Contracting I*) (granting a preliminary injunction setting aside the agency's decision to remove Veterans from the VetBiz VIP database of approved SDVOSB entities and restoring Veterans to

previously settled by the court and to raise new contentions.  Veterans was initially verified by the United States Department of Veterans Affairs ("VA") as a service-disabled veteran-owned small business ("SDVOSB").  While Veterans was preparing to submit a bid for a VA roofing procurement set aside for SDVOSBs, the Small Business Administration ("SBA") issued a decision in a protest before it, disqualifying Veterans as an SDVOSB.  Shortly thereafter, VA informed Veterans that, due to SBA's adverse decision, it was being removed from the VA database for SDVOSBs eligible to compete for VA procurement set-asides.  Veterans then filed a bid protest and sought a preliminary injunction.

This court granted Veterans' motion for preliminary injunction in part, ordering VA to restore Veterans to the procurement database and rendering it eligible to compete for SDVOSB set-asides from that date forward.  But VA cancelled the roofing solicitation before Veterans was able to compete for that procurement.  With leave of the court, Veterans amended its complaint to protest that cancellation and moved for judgment on the administrative record, seeking both declaratory and injunctive relief.  Relevant to the instant protest, Veterans requested a declaration that Veterans' removal from the VA database was arbitrary, capricious, and a violation of VA's regulations, rendering permanent the relief ordered by the court's preliminary injunction.  Veterans also sought an injunction barring VA from cancelling the roofing solicitation and ordering it to consider Veterans to be retroactively eligible for an award of a contract based upon that solicitation.  While those proceedings were underway in this court, VA reissued the solicitation, this time as a general small business set-aside, permitting any small business, not just SDVOSBs, to compete for the contract.  On December 15, 2017, this court ruled in Veterans' favor in part.  The court held that the removal of Veterans from its database was arbitrary and capricious and issued a permanent injunction restoring Veterans to the database.  But the court declined to enjoin the cancellation of the roofing solicitation or render Veterans' restoration to the database retroactively effective.

Roughly a month later, on January 19, 2018, Veterans filed this bid protest.  In addition to attempting to relitigate the cancellation of the original roofing solicitation, Veterans now challenges the VA's issuance of the new solicitation as a small business set-aside and seeks a preliminary and permanent injunction.  The government opposes Veterans' motion and has moved to dismiss Veterans' complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").

## BACKGROUND

"In an effort to encourage small businesses, Congress has mandated that federal agencies restrict competition for some federal contracts."  *Kingdomware Techs., Inc. v. United States*, __ U.S. __, __, 136 S. Ct. 1969, 1973 (2016).  The task of promulgating regulations "set[ting] forth procedures . . . to set aside contracts for" SDVOSBs has been assigned to two distinct agencies, VA and SBA.  *Id.* (internal quotation marks omitted); *see also* 38 U.S.C. § 8127(a), (e)

---

that database); *Veterans Contracting Group, Inc. v. United States*, 135 Fed. Cl. 610 (2017) (*Veterans Contracting II*) (granting a permanent injunction restoring Veterans to the VetBiz VIP database but declining to make that restoration retroactive or to invalidate the cancellation of a solicitation for roofing VA facilities), *appeal docketed*, No. 18-1409 (Fed. Cir. Jan. 16, 2018).

(VA); 15 U.S.C. § 657f (SBA).  VA and SBA have established separate, overlapping, and divergent regulatory frameworks for these set-asides.  *Compare* 38 C.F.R. Part 74 (VA), *with* 13 C.F.R. Part 125 (SBA).

Congress authorized VA to set aside certain contracts for "small business concerns owned and controlled by veterans with service-connected disabilities" through the Veterans Benefits, Health Care, and Information Technology Act of 2006, Pub. L. No. 109-461, tit. V, 120 Stat. 3403, 3425 (codified as amended in relevant part at 38 U.S.C. §§ 8127-28).  *See* 38 U.S.C. § 8127(a), (e).  The Secretary of the VA is statutorily required to maintain a "VetBiz VIP database" and to certify contracting entities through VA's Center for Verification and Evaluation ("CVE").  *See AmBuild Co. v. United States*, 119 Fed. Cl. 10, 19 (2014) (citing 38 U.S.C. § 8127(e), (f)); *see also* 48 C.F.R. § 804.1102.  A business must be included on the VetBiz VIP database to qualify as an eligible SDVOSB for a contract award.  *See* 38 U.S.C. § 8127(e), (f); 48 C.F.R. § 804.1102.

If CVE determines that cancellation of a participant's verified status is warranted, the director of CVE will issue a reasoned notice of cancellation, and the business will be removed from the VetBiz database.  *See* 38 C.F.R. § 74.22(c)-(d).  Section 74.22 does not provide the only process for removing a participant from the VetBiz database.  Pursuant to 38 C.F.R. § 74.2(e), a determination by SBA can constitute a basis for removing a participant from the VetBiz database.  *But see Veterans Contracting II*, 135 Fed. Cl. at 617-19 (holding that an SBA determination may only be the basis for removing a participant from the VA's VetBiz database to the extent that the participant would also be disqualified under VA's own regulations).

Veterans is a corporation organized under the laws of the State of New York.  Compl. ¶ 1.  On July 17, 2013, VA verified Veterans as a qualified SDVOSB in its VetBiz database.  *Veterans Contracting II*, 135 Fed. Cl. at 615.  But in 2017, the SBA area office, in response to a bid protest, determined that Veterans was ineligible to bid as an SDVOSB.  *See Veterans Contracting I*, 133 Fed. Cl. at 617.  On July 21, 2017, three days after the determination by the SBA area office, "VA informed Veterans that it was being removed from the [VetBiz] database . . . based on the SBA area office determination that Veterans did not qualify as a SDVOSB."  *Id.* at 617 (internal brackets and quotations marks omitted).

Veterans then filed a protest with this court on July 28, 2017, challenging its removal from the VetBiz database and the underlying determination by SBA.  *Veterans Contracting II*, 135 Fed. Cl. at 616.  Relevant here, Veterans alleged that the government's actions precluded it from competing for a VA SDVOSB set-aside procurement, solicitation number VA242-17-B-0723.  *Id.*  That solicitation invited bids for a roof replacement contract at the Northport VA Medical Center in Northport, New York.  *Id.*  Veterans moved for a preliminary injunction, requesting "that the court set aside CVE's decision to decertify Veterans as a SDVOSB, order the VA to reinstate Veterans into the [VetBiz] database, and enable Veterans to compete for the SDVOSB set-aside roofing . . . solicitation[]."  *Veterans Contracting I*, 133 Fed. Cl. at 618.  On August 22, 2017, this court granted Veterans' motion for a preliminary injunction in part, ordering VA to "restore Veterans to the [VetBiz] database of approved SDVOSB entities."  *Id.* at 624.

In granting the preliminary injunction, the court did not explicitly address the effects of the injunction on the roofing solicitation because "the government indicated that the contracting officer had started the process of cancelling the solicitation and planned to reissue it." *Veterans Contracting II*, 135 Fed. Cl. at 616. (internal brackets omitted). When bidding closed for the roofing solicitation, VA had received four bids but only two were responsive, *i.e.*, only two met "the terms and conditions set forth in the solicitation," and only responsive bids may be considered for a contract award. *Id.* The two responsive bidders' proposals were eliminated from consideration because their pricing was "more than '30% higher than the [independent government estimate]'" and therefore was "not fair and reasonable." *Id.* Though Veterans' bid was arguably within the "fair and reasonable" range, it had submitted one of the bids that was deemed unresponsive and "removed from consideration due to a lack of VetBiz certification as of the application deadline, July 28, 2017." *Id.* (internal brackets and quotation marks omitted). VA cancelled the roofing solicitation on August 22, 2017 because the responsive "bids [were] much higher than the government could deem reasonable," and indicated that it planned to issue a new solicitation for the roofing contract. *Id.* (internal brackets omitted).

In amended pleadings, Veterans challenged the cancellation and sought a declaratory judgment that "VA acted unreasonably when it cancelled the solicitation under pretext." *Id.* at 616-17 (internal alterations omitted). In that connection, Veterans sought "'a permanent injunction ordering the VA to reverse its determination to cancel the roofing solicitation . . .' and 'to restore Veterans to the VetBiz database retroactively.'" *Id.* at 617 (internal alterations omitted). This court ultimately ruled in Veterans' favor in part on December 15, 2017. *See id.* at 620. The court held that the removal of Veterans from the VetBiz database was arbitrary and capricious and issued a permanent injunction restoring Veterans to the database. *Id.* at 619-20. Nonetheless, the court declined to enjoin the cancellation of the roofing solicitation or to restore Veterans to the database retroactively, reasoning that the contracting officer "act[ed] rationally and follow[ed] the proper procurement procedures" when he cancelled the solicitation. *Id.*

Meanwhile, on October 30, 2017, VA issued a new roofing solicitation with a bid-opening date of November 30, 2017, but the new solicitation was issued as a "total small business set-aside," allowing any small business, not just SDVOSBs, to compete for the contract. Compl. ¶¶ 8-9. Veterans filed a protest with the Government Accountability Office ("GAO") before the bid-opening date, temporarily staying any award. Compl. ¶ 9. Citing this court's decision in *Veterans Contracting II*, GAO dismissed Veterans' protest "on procedural grounds" on January 12, 2018. Compl. ¶ 11.

Then, on January 19, 2018, Veterans filed the complaint in the instant pre-award bid protest. Even though Veterans avers that it is not seeking "to relitigate its request for retroactive effect . . . through the current protest," Compl. ¶ 10, it challenges the issuance of the new solicitation as a small business set-aside and seeks a preliminary injunction "cancel[ling] or, in the alternative, stay[ing] all activity related to the [n]ew [s]olicitation[] pending this [c]ourt's full review," Compl. ¶¶ 17, 23-26; *see also* Pl.'s Mem. In Support of Mot. for Prelim. Inj. and Declaratory Judgment ("Pl.'s Mot."), ECF No. 5.

Pending before this court is the government's motion to dismiss Veterans' complaint for failure to state a claim pursuant to RCFC 12(b)(6), Def.'s Resp. to Pl.'s Mot. for a Prelim. Inj.

and Def.'s Mot. to Dismiss for Failure to State a Claim ("Def.'s Mot."), ECF No. 16, as well as Veterans' opposition to this motion, Pl.'s Resp. to Def.'s 12(b)(6) Mot. ("Pl.'s Opp'n"), ECF No. 17.  All issues have been briefed and are ready for disposition.

## STANDARDS FOR DECISION

To overcome a motion to dismiss submitted pursuant to RCFC 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual matters alleged "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).  In acting on such a motion, "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff."  *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986)) (additional citation omitted).

## ANALYSIS

### *A.  The Cancellation of the Original Solicitation and* Res Judicata

Veterans claims that VA's decision to cancel the original solicitation was "at least arbitrary and capricious[] and at most underhanded" because if the contracting officer had "simply waited for this [c]ourt to render its decision, [he] would have known [Veterans] was eligible to receive the award under the [o]riginal [s]olicitation."  Pl.'s Mot. at 3.  Veterans appears to allege bad faith on VA's part, claiming that "[n]ot only was this decision arbitrary and capricious, but highly suggestive of a systematic attempt by . . . VA to evade its obligation[] to set aside contract opportunities for SDVOSBs."  *Id.*  Regardless of the motivations ascribed to VA, Veterans' claim is precluded under the doctrine of *res judicata*.

A claim is precluded when "in a prior suit . . . involving the same parties or their privies based on the same cause of action," a court of competent jurisdiction has entered a final judgment on the merits.  *Acumed, LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 & n.5 (1979); *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948)).  "Whether a claim is barred by claim preclusion is  a question of law."  *Id*.  Here, there is no dispute that this suit involves the same parties as *Veterans Contracting II* or that this court, as a court of competent jurisdiction, entered a final judgment in that case.  Veterans' primary argument against the application of *res judicata* is that *Veterans Contracting II* "dealt with [Veterans'] eligibility to compete for th[e] SDVOSB set-aside" and therefore the two cases were not "based on the same cause of action."  *See* Pl.'s Opp'n at 2.

Veterans' argument is unavailing. It is true that the court addressed Veterans' eligibility to compete for the SDVOSB set-aside and held that it was eligible.  *See Veterans Contracting II*, 135 Fed. Cl. at 617-19.  But that was not the only issue the court considered; at Veterans' behest, it also addressed the question of whether the cancellation of the roofing solicitation was arbitrary

and capricious and held that it was not. *See id.* at 619-620 ("Veterans challenges the cancellation of the roofing solicitation as arbitrary and capricious, . . . [but b]y acting rationally and following the proper procurement procedures, [the contracting officer] neither acted arbitrarily nor capriciously [in cancelling the roofing solicitation], and this court cannot overturn his decision."). Because this court has previously entered a final judgment in an action between the same parties on the merits of the claim that VA arbitrarily and capriciously cancelled the roofing solicitation, Veteran's further claim is precluded. Accordingly, Veterans has failed to state a claim for which relief can be granted as to the cancellation of the original solicitation.

### B. The New Solicitation and the "Rule of Two"

Except in cases subject to exceptions not relevant here, VA contracting officers are bound by the "rule of two," which requires them to "award contracts on the basis of competition restricted to small business concerns owned and controlled by veterans if the contracting officer *has a reasonable expectation that two or more small business concerns* owned and controlled by veterans *will submit offers* and that the award can be made at *a fair and reasonable price that offers best value to the United States.*" 38 U.S.C. § 8127(d) (emphasis added); *see also Kingdomware Tech.*, __ U.S. __, __, 136 S. Ct. at 1976-79 (holding that the rule of two is mandatory). While the rule of two is imperative where it applies, the pertinent statute builds discretion into the contracting officer's evaluation process. When evaluating the applicability of the rule of two, the contracting officer restricts competition only if he or she has a "reasonable expectation" that two or more SDVOSBs will submit offers at a "fair and reasonable price" with the end of obtaining the "best value" for the federal government. 38 U.S.C. § 8127(d); *see also E.W. Bliss Co. v. United States*, 77 F.3d 445, 449 (Fed. Cir. 1996) ("Procurement officials have substantial discretion to determine . . . [what] represents the best value for the government."); *Benchmade Knife Co., Inc. v. United States*, 79 Fed. Cl. 731, 737-38 (2007) (evaluating a related rule of two set out in 48 C.F.R § 19.502-2(b) and describing the determination of the applicability of the rule as a "business judgment within the contracting officer's discretion").

Veterans claims that VA violated the rule of two when it reissued the roofing solicitation as a general small business set-aside instead of retaining the solicitation's classification as an SDVOSB set-aside. Pl.'s Mot. at 4, 9-10. The only fact that Veterans alleges in support of this claim is that four SDVOSBs previously bid on the original solicitation, apparently implying that the contracting officer could therefore reasonably expect that at least two SDVOSBs would submit bids on a re-issued solicitation at fair and reasonable prices. *See* Compl. ¶¶ 4, 8; Pl.'s Mot. at 4-5. But, even with Veterans' restoration to the VetBiz database, only three of those bidders were eligible SDVOSBs, and two of them failed to offer bids at a fair and reasonable price. Therefore, on the facts alleged, the court is only aware of one eligible SDVOSB who has offered a bid at a fair and reasonable price, namely, Veterans. If Veterans had alleged additional facts, *e.g.*, relating to the average number of bids submitted on similar solicitations or its own knowledge of other eligible SDVOSBs that would have submitted bids if the roofing solicitation had been reissued, the outcome might be different, but on the facts at hand, Veterans has failed to state a claim.

Veterans argues that it would be "inappropriate" at the pleadings stage "to litigate whether the VA contracting officer acted rationally and within the bounds of his discretion."

Pl.'s Opp'n at 4.  The court concurs, but the legal test that would be applied on the merits is relevant when considering the plausibility of a plaintiff's claims.  Veterans contends that it has "supplied the court [with] reasons for its belief that the [contracting officer] acted irrationally, arbitrarily, and contrary to law."  *Id.* at 5.  But, the question is not whether Veterans' belief is plausible but whether, on the facts at hand, it is plausible that the contracting officer acted arbitrarily and capriciously in determining that the rule of two was not satisfied.  The court holds that it is not.  This count of Veterans' claim is therefore also dismissed for failure to state a claim.[3]

## CONCLUSION

For the reasons stated, the government's motion to dismiss Veterans' complaint under RCFC 12(b)(6) is GRANTED, and Veterans' motion for a preliminary and permanent injunction is DENIED.  Veterans' complaint is hereby dismissed.  The clerk is directed to enter judgment in accordance with this disposition.

No costs.

It is so **ORDERED**.

                                                    s/ Charles F. Lettow  
                                                    Charles F. Lettow  
                                                    Judge

---

[3] Veterans also argues that the contracting officer should never have opened the bids in the first instance because "[t]he [c]ontracting [o]fficer knew [Veterans] had filed a protest with respect to the [o]riginal [s]olicitation."  Pl.'s Mot. at 3.  Veterans believes that the contracting officer's failure to stay the proceedings in the shadow of Veterans' protest was arbitrary and capricious.  *Id.*  Veterans' only attempt to offer support for such a limitation on the contracting officer's discretion is the conclusory assertion that "[b]oth the Federal Acquisition Regulations and this [c]ourt provide mechanisms for staying any award prior to resolution of filed protests."  *Id.*  But Veterans does not claim that any of the referenced mechanisms for stay were employed and then subsequently ignored by the contracting officer in this case, nor does it cite to any other authority for its legal claim, and the court has found none.  *See PAI Corp. v. United States*, 614 F.3d 1347, 1351 (Fed. Cir. 2010) (explaining that "[c]ontracting officers are entitled to exercise discretion upon a broad range of issues confronting them in the procurement process") (citations and internal quotation marks omitted).  In the absence of any basis in law, Veterans' claim that the contracting officer should never have opened the bids is not one for which relief can be granted.